UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO
_____

| | |
|---|---|
| CESIN EUNICE RAMIREZ DE CERDA,<br><br>     Plaintiff,<br><br>v.<br><br>JEH JOHNSON, Secretary of the<br>Department of Homeland Security,<br>LEON RODRIGUEZ, Director of USCIS,<br>JAMES COMEY, Director Federal<br>Bureau of Investigations,<br>MARGARET A. HARTNETT,<br>Director Local USCIS,<br><br>     Defendants. | No. 2:15-cv-00334-BRB-GBW |

_____

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION
_____

Plaintiff Cesin Eunice Ramirez de Cerda alleges that an immigration officer deprived her of due process of law when he completed a reinstatement removal proceeding without following the proper procedures and guidelines. Specifically, she asserts that the prior order of removal the immigration officer "reinstated" does not exist. *See* Complaint for Declaratory Judgment, filed April 23, 2015 (Doc. 1). Defendants move to dismiss Cerda's Complaint because 8 U.S.C. § 1252(a)(5) grants the court of appeals, not the district court, exclusive jurisdiction over the "sole subject of Cerda's Complaint: the legality of her reinstated order of removal." Defendants' Motion to

1

Dismiss For Lack of Subject Matter Jurisdiction at 1, filed July 24, 2015 (Doc. 10) ("MTD").  Alternatively, Defendants move the Court to dismiss the Federal Bureau of Investigation and the U.S. Citizenship and Immigration Services ("USCIS") because Cerda failed to allege that either agency wronged her.  MTD at 1-2.  Because the Court concludes that it lacks jurisdiction to review the challenged reinstatement of a prior removal order, and because the interests of justice do not require a transfer under 28 U.S.C. § 1631, the Court will grant the MTD and dismiss Cerda's Complaint without prejudice.

I.

Cerda, a Guatemala citizen, initially attempted to enter the United States on April 24, 2001, at the international airport in Atlanta, Georgia.  An Immigration and Naturalization Service (INS) officer determined that she did not have the proper documentation and withdrew her Application for Admission.

What happened next is unclear.  Cerda asserts in the Complaint that she was not removed from the United States after the interview was completed, but she does not explain whether she stayed in the United States and, if so, how she stayed.  The documents that Cerda attached to the Complaint indicate that there was some form of a removal order,[1] but the Court will accept as true what appears to be Cerda's allegation in

---

[1] For example, the Notice of Intent/Decision to Reinstate Prior Order, attached to the Complaint as Exhibit B, states that she was subject to a prior order of deportation/exclusion/removal entered on April 30, 2001, at Atlanta, Georgia, and that she was removed on May 1, 2001, pursuant to that order.  In the Affidavit that was part of the Record of Deportable/Inadmissible Alien, attached to the Complaint as Exhibit C, Cerda answered "yes" to the following question: "The Immigration Service alleges that

2

the Complaint: despite what the immigration documents say, she was not subject to a removal order for her April 21, 2001 entry attempt into the United States. *See Pueblo of Jemez v. U.S.*, 790 F.3d 1143, 1148 n.4 (10th Cir. 2015) (explaining that a district court must accept the allegations in the complaint as true when the defendant lodges a facial attack to dismiss for lack of subject matter jurisdiction).

Cerda picks up the narrative again on July 21, 2001, when an immigration officer questioned her while she was on a bus in Alamogordo, New Mexico, after she entered the United States in El Paso, Texas.  The immigration officer determined that Cerda was ineligible for admission because, according to him, she falsely represented herself to be a United States citizen, although she denies presenting any document that represented her as such.  The immigration officer then reinstated a prior removal order to remove Cerda from the United States.  Cerda alleges that the officer did not follow the correct procedure under 8 U.S.C. § 1231(a)(5) during the reinstatement removal proceedings because no prior removal order existed that the immigration officer could reinstate.[2]

Cerda attempted to re-enter the United States again in 2003 following her marriage in 2001.  Her husband had filed an I-129F Petition for Spouse on August 20, 2003, which was approved, but his I-130 Immigration Petition for Relative was denied because of Cerda's prior immigration violation.  Cerda asserts that the immigration officer's conduct

---

you were removed from the United States on 05/01/2001 at Atlanta, Georgia pursuant to an order entered by an Immigration Judge or other authorized official on 04/30/2001 at Atlanta, Georgia.  Were you removed as alleged?"

[2] It is not clear what date the reinstatement took place.  Cerda describes the encounter with the immigration officer on July 21, 2001, but then later refers to the "October 10, 2001 reinstatement removal."  Complaint ¶ 15, at 4.

in denying her due process and reinstating a prior order of removal prevented her from receiving the I-130.

In the Complaint, Cerda seeks a declaration that she "was denied of her due process of law when Immigration officer completed a reinstatement removal proceeding without following the proper procedures and guidelines." Complaint at 5.  She prays that the Court review the procedure from the reinstatement removal, determine that she was denied due process of law, and declare the reinstatement removal "void and null." *Id*.

## II.

Defendants move to dismiss for lack of subject matter jurisdiction.  They contend that 8 U.S.C. § 1252(a)(5) grants the court of appeals exclusive jurisdiction to consider a petition for review, the "'sole and exclusive means' for judicial review" of a final order of removal.  MTD at 8 (quoting 8 U.S.C. § 1252(a)(5)).  According to Defendants, the sole issue in the Complaint is the legality of Cerda's reinstated removal order, which is a final order of removal.  Cerda attempts to frame the issue differently, alleging that the "true legal issue" is whether Defendants violated her due process rights when they removed her from the United States based on reinstating a non-existent removal order.

The Court cannot see how Cerda is doing anything other than challenging an order of reinstatement—even the prayer specifically requests the Court to declare the reinstatement null and void.  As Defendants correctly point out, the reinstatement of a removal order is a final order of removal.  *See Lorenzo v. Mukasey*, 508 F.3d 1278, 1282 (10th Cir. 2007).  The sole and exclusive means for reviewing the reinstatement,

including the process given during the reinstatement, is through a petition for review, which the court of appeals has exclusive jurisdiction to hear. *See* 8 U.S.C. § 1252(a)(5).

Cerda's reliance on the Administrative Procedure Act ("APA") does not save her. She asserts that 5 U.S.C. § 702 "waives sovereign immunity when the plaintiff seeks relief other than monetary damages," Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction at 4, filed August 27, 2015 (Doc. 14), but the APA explicitly does not apply "to the extent that . . . statutes preclude judicial review," 5 U.S.C. § 701(a)(1). Because the Court concludes that it lacks subject matter jurisdiction over Cerda's sole claim, it will not reach Defendants' second argument in the MTD to dismiss several Defendants who were named in the Complaint's caption but not mentioned in the Complaint's body.

When the Court lacks jurisdiction, it "shall, if it is in the interest of justice, transfer" the action to the appropriate court. 28 U.S.C. § 1631. The Tenth Circuit has interpreted the phrase "if it is in the interest of justice" to grant the district court discretion in deciding whether to transfer an action or dismiss it without prejudice. *Trujillo v. Williams*, 465 F.3d 1210, 1222–23 (10th Cir. 2006). The court may consider factors such as "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). "[A] court is authorized to consider the consequences of a transfer by taking a peek at the merits to avoid raising false hopes and wasting judicial resources that would result from

transferring a case which is clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (internal quotation marks omitted).

Neither party raised the possibility of transferring this action to an appropriate court of appeals; nonetheless, the Court has considered whether a transfer would be in the interest of justice and concludes that it would not. Looking to whether the claims would be time barred if filed anew in the proper court of appeals, the Court notes that the claims are untimely even in this Court. Cerda has requested the Court to review a 2001 reinstatement of a removal order, but such a petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1242(b)(1). Transferring the case with this timeliness defect would waste judicial resources. The Court will thus grant the MTD and dismiss Cerda's Complaint without prejudice.

### III.

For the reasons stated above, Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed July 24, 2015 (Doc. 10), is **GRANTED**. Plaintiff Cesin Eunice Ramirez de Cerda's Complaint for Declaratory Judgment, filed April 23, 2015 (Doc. 1), is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED.

                                    Entered for the Court
                                    this 7th day of October, 2015.

                                    _____
                                    Bobby R. Baldock
                                    United States Circuit Judge
                                    Sitting By Designation